UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANA DANIELA URDANETA MOLINA,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1060

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the February 24, 2026 bond hearing on April 7, 2026. (Resp., ECF No. 4; Recording of Feb. 24, 2026 Bond Hearing, filed on Apr. 7, 2026.) Petitioner filed her reply on April 10, 2026. (Reply, ECF No. 5.)

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2024. (Pet., ECF No. 1, PageID.4; Resp., ECF No. 4, PageID.18.) On December 11, 2025, Petitioner was arrested and detained by ICE. (Pet., ECF No. 1, PageID.4.)

On January 28, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Urdaneta Molina v. Raycraft* (*Urdaneta Molina I*), No. 1:26-cv-322 (W.D. Mich.). In *Urdaneta Molina I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Urdaneta Molina I*, (W.D. Mich. Feb. 17, 2026), (ECF Nos. 7, 8).

On February 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At the conclusion of the hearing, in a written order, the Immigration Judge (IJ) denied Petitioner's request for bond, stating:

> An Immigration Judge can properly deny bond based on flight risk where the [Petitioner] recently arrived in the United States, has no prior immigration status, and no probable path to obtaining lawful status. While [Petitioner] has filed an application with the Court, there is insufficient evidence to support the application at this time. [Petitioner]'s likelihood of success in being granted asylum or protection is a factor to be considered by this Court. The [Petitioner] did not demonstrate a sufficient likelihood that she would be granted asylum.

(Order of the IJ, ECF No. 1-1, PageID.11.)

2

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust her administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:        May 4, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge